**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**JIMMY DAVIS**                                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 5:20-cv-149-TBM-MTP**

**DOROTHY TURNER**                                         **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [22] and Plaintiff's Motions for Order to Show Cause [24] [26]. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motions for Order to Show Cause [24] [26] be denied, the Motion for Summary Judgment [22] be granted, and this action be dismissed without prejudice.

**BACKGROUND**

On July 6, 2020, Plaintiff Jimmy Davis, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff's claims arose while he was a post-conviction inmate at Wilkinson County Correctional Facility. Plaintiff alleges that Defendant Dorothy Turner used excessive force against him by striking him in the face with restraints and denied him medical treatment following her use of force against him. *See* Response [13]. Plaintiff also alleges that Defendant threatened and harassed him in the days following her use of force. *Id.*

On December 1, 2020, Defendant filed her Motion for Summary Judgment [22], arguing that Plaintiff failed to exhaust his administrative remedies. Thereafter, Plaintiff filed Motions for Order to Show Cause [24] [26]. In addition to considering the requests for relief in Plaintiff's

1

Motions [24] [26], the undersigned will consider the Motions [24] [26], and the exhibits attached thereto, as a response to the Defendant's Motion for Summary Judgment [22].

## STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).

Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983. "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

The Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement. *Johnson v. Ford*, 261 Fed. App'x 752, 755 (5th Cir. 2008) (citing *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003)). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

Mississippi Code § 47-5-801 grants the Mississippi Department of Corrections ("MDOC") the authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this statutory authority, the MDOC has set up an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint relating to any aspect of his incarceration. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK[1] at Ch. VIII.

The ARP is a two-step process. An inmate is required to submit his initial grievance or request, in writing, through the Inmate Legal Assistance Program ("ILAP") within thirty days of an alleged incident. If, after screening, the grievance or request is accepted into the ARP, an official will issue a First Step Response. If the inmate is unsatisfied with the First Step Response, he may continue to the Second Step by using ARP form ARP-2. *See* MISSISSIPPI DEPARTMENT OF CORRECTIONS HANDBOOK at Ch. VIII.

In support of her Motion for Summary Judgment [22], Defendant submitted an affidavit from Janice Williams, the ARP Coordinator at WCCF, dated December 1, 2020, along with Plaintiff's grievances and official responses. *See* [22-2]. Williams states that Plaintiff submitted seven grievances pertaining to his incarceration at WCCF and that none of Plaintiff's grievances concerns his allegation against Defendant in this action. *Id.* at 2.

In response, Plaintiff filed two Motions for Order to Show Cause [24] [26], asserting that Williams failed to mention all his grievances. Although these Motions [24] [26] do not contain a specific request for relief, it appears the Plaintiff seeks an order from the Court directing either Defendant or Williams to show cause for the failure to mention all of Plaintiff's grievances in

---

[1] *See* http://www.mdoc.ms.gov/Inmate-Info/Pages/Inmate-Handbook.aspx. (Last visited January 6, 2021).

Williams's affidavit. Along with his Motions [24] [26], Plaintiff submitted multiple official ARP responses dated December 9, 2020 and November 23, 2020. *See* [24-1]; [26-1].

On December 30, 2020, Defendant filed a Rebuttal [27], acknowledging that Plaintiff submitted grievances which were not mentioned in Williams's affidavit. Defendant submitted an amended affidavit from Williams, stating that she discovered that Plaintiff "recently submitted several additional grievances or letters that were not listed" in her prior affidavit. *See* [27-1] at 2. According to Williams, Plaintiff submitted seventeen grievances pertaining to his incarceration at WCCF. *Id*. at 2. Defendant provided the more recent grievances and official responses. *Id*. at 90-154.

Importantly, however, Defendant and Williams point out that Plaintiff's more recent grievances, like his older ones, do not relate to his allegations against Defendant in this action. Indeed, these grievances concern Plaintiff's incarceration in long-term segregation, allegedly false rule violation reports, requests to be transferred to other facilities or housing units, stimulus checks, threats allegedly made by Lt. Higginbottom, requests for dental care, sick call requests, and Williams's affidavit filed in this action. *See* [27-1] at 90-154.[2] Plaintiff has failed to submit, and the record does not contain, any grievance concerning his allegations against Defendant.

Pre-filing exhaustion is mandatory, and "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing this complaint."

---

[2] The undersigned also notes that Plaintiff more recent grievances were submitted after he filed this action, and the grievance process must be completed *prior* to filing suit in federal court. "It is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). One of the principal purposes of the administrative exhaustion requirement is to provide fair notice to prison officials of an inmate's specific complaints so as to provide "time and opportunity to address complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004).

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The record, including the evidence submitted by Plaintiff, establishes that Plaintiff failed to exhaust his administrative remedies prior to filing this action. Thus, he may not proceed with this action.

In her Motion for Summary Judgment, Defendant requests that the dismissal of this action count as a strike against Plaintiff pursuant to 28 U.S.C. § 1915(g). Because Plaintiff's failure to exhaust his claims is readily apparent and was known to Plaintiff prior to his filing suit in this Court, a strike is warranted. *See Emmett v. Ebner*, 423 Fed. Appx. 492, 494 (5th Cir. 2011); *Williams v. Shaw*, 2016 WL 1060840, at *1 (S.D. Miss. Mar. 17, 2016); *Green v. Little*, 2015 WL 898218, at *1-2 (S.D. Miss. Mar. 3, 2015); *Hoskins v. Holman*, 2014 WL 795085, at *1 (S.D. Miss. Feb. 27, 2014).

Additionally, considering Defendant's Rebuttal [27] and Williams's amended affidavit [27-1], the undersigned finds that no order to show cause should be entered and, thus, Plaintiff's Motions for Order to Show Cause [24] [26] should be denied.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that:

1. Plaintiff's Motion for Order to Show Cause [24] be DENIED;

2. Plaintiff's Motion for Order to Show Cause [26] be DENIED;

3. Defendant's Motion for Summary Judgment [22] be GRANTED;

4. this action be dismissed without prejudice;

5. the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g); and

6. if the above recommendations are adopted, a final judgment be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject, or modify in whole or in part the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 7th day of January, 2021.

s/ Michael T. Parker
United States Magistrate Judge