IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JIMMY DAVIS**                                                                                               **PLAINTIFF**

**v.**                                             **CIVIL ACTION NO. 5:20-cv-149-TBM-MTP**

**DOROTHY TURNER**                                                                   **DEFENDANT**

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on submission of the Report and Recommendation [28] entered by United States Magistrate Judge Michael T. Parker on January 7, 2021. The Defendant filed a Motion for Summary Judgment [22] on December 1, 2020 and the Plaintiff has filed two separate Motions for Order Show Cause, [24] [26]. Upon consideration of the parties' submissions and the applicable law, Judge Parker recommends that the Defendant's Motion for Summary Judgment [22] be granted, the Plaintiff's Motions for Order to Show Cause [24] [26] be denied, and this action be dismissed without prejudice for failure to exhaust his administrative remedies, and that the dismissal count as a strike pursuant to 28 U.S.C. § 1951(g).

A copy of the Report and Recommendation was mailed to the pro se Plaintiff via United States Postal Service on January 7, 2021. Pursuant to 28 U.S.C. § 636(b)(1), objections to a Report and Recommendation must be filed within fourteen days. Accordingly, the Plaintiff had until January 21, 2021 to file his objections to the Report and Recommendation. Under the prison mailbox rule, "a pro se prisoner's written objections to a magistrate's report and recommendations must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court." *Thompson v. Raspberry*, 993 F.2d 513, 414 (5th Cir. 1993). While the Plaintiff's Objections [29] were filed with the Court on January 25, 2021, his objection is dated January 20, 2021. The Court finds his

objections timely. *See Pacheco v. Corrections Corp. of America*, No. 5:14-cv-88-DCB, 2015 WL 3745626, n. 2 (S.D. Miss. Jun. 15, 2015).

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

The Plaintiff does not object to the recommendation that the Defendant's Motion for Summary Judgment be granted, that his Motions for Order to Show Cause be denied, or that this action be dismissed for failure to exhaust his administrative remedies. Instead, the Plaintiff argues that the allegations within his Complaint are "true and genuine," and that the staff attempted to "tamper with evidence and lie." *See* [29], pgs. 1-2. The Plaintiff further asserts that while he is unable to obtain declarations from former employees and/or inmates, they would agree that he suffered a "brutal injury." *Id*. at pg. 3. The Plaintiff's Objections, however, are not related to a specific finding within the Report and Recommendation. Indeed, the merits of the Plaintiff's arguments were not addressed in the Report and Recommendation after Judge Parker found that the Plaintiff failed to exhaust his

administrative remedies. [28], pg. 5 (seventeen grievances were filed through the Inmate Legal Assistant Program, and not one relates to his allegations against the Defendant in this action). Since the Plaintiff's Objections are not related to a specific finding within the Report and Recommendation, the Court finds that his Objections do not merit a *de novo* review of the Report and Recommendation. The Plaintiff's Objections [29] are therefore overruled.

Having reviewed the Report and Recommendation for clear error, and finding none, the Court is satisfied that Judge Parker has undertaken an extensive examination of the issues in this case and has issued a thorough opinion.

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [28] entered by United States Magistrate Judge Michael T. Parker on January 7, 2021 is ADOPTED as the opinion of the Court.

IT IS FURTHER ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment [22] is GRANTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff's Motions for Order to Show Cause [24] [26] are DENIED.

IT IS FURTHER ORDERED AND ADJUDGED this CASE is DISMISSED WITHOUT PREJUDICE, and the dismissal shall count as a strike pursuant to 28 U.S.C. § 1951(g).

THIS, the 22nd day of July, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE